BARCELÓ, MARQUES & Co., *S. en C.*, Plaintiff and Appellee, *v.*
R. SANCHO BONET, TREASURER OF PUERTO RICO, FRANCISCO
RAMÍREZ VEGA, ACTING TREASURER OF PUERTO RICO, PEDRO
PIQUER, Collector of Internal Revenues for the District of
Arecibo, Defendants and Appellants.

No. 7732. Argued April 18, 1939.—Decided July 14, 1939.

*B. Fernández García, Attorney General,* and *P. Defendini, Assistant
Attorney General,* for appellants. *Dubón & Ochoteco,* for ap-
pellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Barceló, Marques & Co. in a suit for injunction, obtained
a preliminary writ directing respondents—if a tax should
be paid on the amount of certain alcoholic spirits shown by
measurement before removal thereof from a bonded ware-
house—to abstain form interference with such removal by
exacting payment on any amount in excess of that disclosed
by said measurement, unless the shrinkage should exceed 9
proof gallons to each container of more than forty gallons.

 Sections 9, 10 and 27 of the "Spirits and Alcoholic
Beverages Act" (Third Special Session, Laws of 1936, 44,
60 and 68) read as follows:

"Section 9.—The tax shall attach to distilled spirits, spirits, and alcohols as soon as they are separated, in either a pure or impure state, by distillation or other process of evaporation, from any substance, whether fermented or not, even though at any subsequent time they may be transformed into any other substance, either in the original process of distillation or evaporation or by the use of any subsequent process.

"Section 10.—The taxes established and fixed by this Act shall be paid by the distiller of the spirits before their removal from the distillery, except in those cases where the removal therefrom without the payment of tax is authorized by this Act. In those cases where the Treasurer so authorizes, spirits may be removed from a distillery to be deposited in a bonded warehouse or removed from a bonded warehouse, without the payment of taxes, subject to such rules as the Treasurer may prescribe for the purpose. The tax on spirits lawfully deposited in any private bonded warehouse, or public bonded warehouse, established under this Act, shall be paid within four years from the date on which such spirits were originally warehoused therein, unless they are removed before said period expires, in which case the tax shall be paid before their removal.

"Section 27.—At the expiration of four years from the date on which distilled spirits were originally deposited in a bonded warehouse, or prior to said date at any moment when said distilled spirits are to be definitely removed from the bonded warehouse, in accordance with the provisions prescribed for the purpose by the Treasurer, and on request of the owner of said distilled spirits, the same shall again be measured, and if it is shown that there has been any shrinkage not due to the fault or negligence of the owner of such spirits, taxes shall be collected on the amount shown by the measuring; *Provided, however,* that in no case shall there be allowed a shrinkage that exceeds one proof gallon for each container holding not less than forty wine-gallons, within the first sixty (60) days following the warehousing of the product, or that exceeds nine (9) proof gallons for each container holding not less than forty wine-gallons, for a period of four years."

Section 678 of the Code of Civil Procedure (1933 ed.) forbids the granting of an injunction "to prevent the levy or collection of any tax levied by the laws of the United States or of Puerto Rico."

The Treasurer of Puerto Rico—in the exercise of what he regarded as a discretion conferred upon him by Section 27 *supra,* and by other sections of the Law—included in his rules and regulations a table specifying as allowances for loss by shrinkage in barrels of forty gallons capacity, the following:

| | | |
|---|---|---|
| Up to 2 months | 1 | Gal. Proof |
| More than 2 months and not more than 4 months | 2 | Gal. Proof |
| More than 4 months and not more than 6 months | 2½ | Gal. Proof |
| More than 6 months and not more than 8 months | 3 | Gal. Proof |
| More than 8 months and not more than 10 months | 3½ | Gal. Proof |
| More than 10 months and not more than 12 months | 4 | Gal. Proof |
| More than 12 months and not more than 15 months | 4½ | Gal. Proof |
| More than 15 months and not more than 18 months | 5 | Gal. Proof |
| More than 18 months and not more than 21 months | 5½ | Gal. Proof |
| More than 21 months and not more than 24 months | 6 | Gal. Proof |
| More than 24 months and not more than 27 months | 6½ | Gal. Proof |
| More than 27 months and not more than 30 months | 7 | Gal. Proof |
| More than 30 months and not more than 33 months | 7½ | Gal. Proof |
| More than 33 months and not more than 38 months | 8 | Gal. Proof |
| More than 38 months and not more than 43 months | 8½ | Gal. Proof |
| More than 43 months and not more than 48 months | 9 | Gal. Proof |

On the other hand, Section 27, as construed by appellee and by the district court, would leave to the Treasurer no discretion and no alternative but to accept from the distiller —in the case of forty gallons capacity containers removed from a bonded warehouse at any time after sixty days and within the four year period—payment on the amount disclosed by measurement, regardless of the amount of loss, whether large or small, through shrinkage.

In support of the judgment appellee insists that this is not a suit to prevent the collection of a tax, and that in any event the instant case does not come within the statutory prohibition.

Plaintiff obtained from the Treasurer of Puerto Rico a permit for the removal from its bonded warehouse of forty barrels, each containing more than forty gallons of alcoholic

spirits. An internal revenue agent in charge of the district where the alcohol had been kept in storage for more than sixty days and less than four years—in reply to a communication addressed to him by plaintiff—stated that the removal could be effected only upon compliance with the law and regulations governing such matters. He expressed his willingness to facilitate the removal if plaintiff were disposed to pay in advance upon any excess shrinkage in accordance with instructions from the Treasurer of Puerto Rico. Plaintiff had offered to pay upon the amount of spirits which might be found by re-measurement at the time of removal. The Treasurer had refused to agree to any greater allowance than that specified in the table established by his regulations even though the proposed re-measurement should show a greater shrinkage.

Section 4 of the law provides for the levying, collection and payment of an internal revenue tax on all distilled spirits stored, "distilled, rectified, produced, or manufactured in, or imported or introduced into, Puerto Rico." By the terms of Section 9, this tax attaches to distilled spirits and alcohols as soon as they are separated from any substance. This tax must be paid by the distiller before the removal of the distilled spirits from the distillery except in certain cases as provided by Section 10. Section 27 merely provides for certain reductions or allowances for shrinkage, to be made at the time of payment after re-measurement on the removal of distilled spirits from a bonded warehouse within a period of four years.

The purpose of the present suit it to prevent the collection of a portion of the tax imposed by Section 4.

For the purposes of this opinion, it may be conceded, without holding, that the construction placed upon Section 27 by appellee is correct. We cannot concur in the view that the language of that Section is too plain to admit of construction. If we are correct in our conclusion that this is

debatable ground, it follows, we think, that the Treasurer's action was not arbitrary or capricious, or without any color of authority. However erroneous his construction of Section 27 may have been, he can not be prevented by injunction from collecting the tax, unless perhaps the denial of such relief, in the circumstances of the instant case, would result in great hardship and irreparable injury to plaintiff.

Plaintiff alleged that if respondents were not enjoined, plaintiff would sustain considerable and irreparable injury and damages in an amount difficult to determine, especially since it was plaintiff's purpose to continue the removal of distilled spirits from its bonded warehouse as the only means of carrying on its business of rectifying such spirits; that plaintiff's business would be destroyed.

The forty barrels had been in the bonded warehouse for more than sixty days. The four year period had not expired. Beyond this there was nothing to show how long they had been in storage. There was nothing to show that normal shrinkage due to absortion, leakage, evaporation, or other natural causes, would exceed the amounts specified in the Treasurer's table of allowances. There was nothing to show that plaintiff would have suffered any loss whatever by payment of the tax in the manner indicated by that table. The potential loss was purely speculative and hypothetical. Much less was there anything to show that the possible loss in excess of the allowances specified in the Treasurer's table would be substantial. Whatever the difference might be, the payment thereof under protest and the bringing of an action for recovery of the amount so paid, would have been no great hardship. In the circumstances, the bare statement that if respondents were not enjoined plaintiff's business would be destroyed, is not a sufficient averment as to irreparable injury.

A somewhat similar averment as to the want of an adequate remedy at law is equally unsatisfactory:

The order appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Travieso took no part in the decision of this case.